■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE ARROYO, Appellant. [709 NYS2d 71] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered February 24, 1998, convicting defendant, after a jury trial, of robbery in the first and second degrees, attempted robbery in the second degree, burglary in the first and second degrees, and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent terms of 9 to 18 years, 6 to 12 years, 3 to 6 years, 9 to 18 years, 6 to 12 years and 1 year, respectively, unanimously affirmed.

The court properly exercised its discretion in refusing to permit defendant to introduce into evidence exemplars of his own handwriting, prepared for the purpose of litigation, offered for the jury's comparison in support of defendant's claim that he did not write a note involved in the crime. The court properly found that these exemplars were created at a time when defendant had a motive to disguise his handwriting (see, People v Molineux, 168 NY 264, 326). Furthermore, the court also properly found that this evidence was collateral, since the People were not claiming that defendant wrote the note in question. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice.

Defendant failed to preserve his present challenges to the People's cross-examination and summation and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (see, People v Overlee, 236 AD2d 133, lv denied 91 NY2d 976; People v D'Alessandro, 184 AD2d 114, 118-119, lv denied 81 NY2d 884).

We perceive no abuse of sentencing discretion. Concur—Tom, J. P., Mazzarelli, Lerner and Buckley, JJ.